**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TYNISA WILLIAMS,** | : | **Case No. 09-cv-2991** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| **v.** | : | |
| **CITY OF CLEVELAND,** | : | <u>**CASE MANAGEMENT PLAN**</u> |
| **Defendant.** | : | |

*This document, along with the Court's standard orders, is available at*
*http://www.ohnd.uscourts.gov/Judges/index.html.*

A Case Management Conference was held in this matter on June 4, 2010.  The parties and counsel of record agreed to the following, and **IT IS ORDERED** that:

1.  All filings must be submitted via the Court's ECF system.

2.  This case is assigned to the **complex** case management track.

3.  This case **is not** suitable for Alternative Dispute Resolution (ADR) at this time.

4.  The parties **do not consent** to the jurisdiction of a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

5. The pleadings shall be amended and new parties shall be joined on or **<u>July 6, 2010.</u>**  While

1

no amended pleadings will be accepted after this date, leave of Court is required before any amended pleading will be accepted for filing.

6.   Non-Expert Discovery regarding class certification shall be completed on or before **December 1, 2010.** The parties agree that the Court will revisit the issue of any additional discovery after the Court's decision on class certification.

7.   The parties agree to bifurcated discovery in this case.  All discovery shall be conducted according to the guidelines set forth in Local Rule 16.2(a).  The Court specifically directs the parties to comply with Local Rule 37.1, including the obligation to contact the presiding judicial officer by telephone, before filing any motion under Fed. R. Civ. P. 37 prior to seeking aid from the Court in discovery matters.  **Any discovery motion filed without leave of the Court will be summarily denied**. This includes motions under Fed. R. Civ. P. 26, with the exception of stipulated motions for a protective order.

8.   Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall **not** be filed on the docket, except that discovery materials may be filed as evidence in support of a motion or for use at trial.  Parties filing depositions **must** use pinpoint citations and are strongly encouraged to file **searchable** deposition transcripts.

9.   Any party asserting an affirmative cause of action (plaintiff or counterclaimaint) must provide its expert report by **December 1, 2010.** Rebuttal expert reports to be exchanged on **March**

2

**1, 2011.**  Expert discovery shall be completed on or before **May 2, 2011**.

10.  Absent leave of Court or stipulation of the parties, rebuttal or supplemental reports may only be proffered if <u>received</u> by opposing counsel at least seventy-two (72) hours before the proffering expert's scheduled deposition or the close of expert discovery, whichever occurs earlier. Absent an unanticipated change of facts or circumstances <u>and</u> leave of Court, no expert will be permitted to express an opinion at trial unless that opinion has been disclosed in a timely written report.

11.  Dispositive motions shall be filed on or before **June 1, 2011.**  Motions for summary judgment may be filed at any time, as authorized under Fed. R. Civ. P. 56, but the filing of such motions prior to the completion of discovery relevant to the issues raised is discouraged.  The requirements of Rule 56, including those under Rule 56(e) and (f) will be strictly applied.

12.  All dispositive motions may be as many as ten (10) pages longer than the page-length limitation set by Local Rule 7.1(g).  Memoranda relating to all other motions shall not exceed fifteen (15) pages in length.  Motions for class certification, briefs relating to claim construction, and motions for the designation of a lead plaintiff under the PSLRA are considered dispositive motions for purposes of determining the appropriate page limit.  The Court will not consider memoranda that exceed these page limitations without leave of the Court, and such a motion is disfavored.  In no event shall the request to exceed page limitations extend the time for the filing of the underlying pleading.

13.  Parties should provide both the Court and opposing party a "hard-copy" of any filing relying upon more than 10 supporting documents or other exhibits.  Parties should not attach any case that is available in Westlaw or Lexis to any brief filed in this Court.

14.  Parties should adhere to standard "in-line" citation style (case and record citations should not appear in footnotes).

15.  A single extension of time not to exceed thirty (30) days to respond to discovery requests, and a single extension of time not to exceed twenty (20) days to file opposition and reply briefs, may be taken by stipulation of the parties, with notice to the Court, and do <u>not</u> require the filing of a motion.  **No requests for initial or subsequent extensions of time will be entertained unless they are filed prior to the response date from which extension is sought <u>and</u>** they indicate whether opposing counsel consents or objects to the requested extension.  Counsel are strongly encouraged to seek realistic extensions of time.  Successive motions for extensions are discouraged.

16.  A **Status Hearing / Settlement Conference** is set for <u>**December 1, 2010 at 12:30 p.m.**</u>

17.  Beginning forty-five (45) days from the date of this order, counsel shall submit status reports to the Court every forty-five (45) days during the pendency of this matter.  Status reports are to <u>briefly</u> state: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remained pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan.  These are to be <u>procedural</u> reports; they

4

are not to contain substantive discussions of the merits of any claims or defenses asserted.

Failure to file status reports will automatically deprive a party of the right to seek extensions of time to perform any acts required under this order or under any applicable federal or local rule of procedure.  Repeated failures to file status reports could result in additional sanctions, including dismissal of claims or defenses under Rule 41(b).

If any party wishes to disclose, in a status report, sensitive <u>procedural</u> matters (e.g., a request for a settlement conference, or personal reasons why extensions of time are required), that party may submit their status report <u>ex parte</u>.

18.   Counsel shall confer in person or by phone within five (5) business days of any scheduled status conference to outline and, if possible, resolve pending matters before the status conference.  **Counsel shall provide to the Court a brief written Status Report describing the status of discovery and  setting out issues to be addressed to the Court no later than three (3) business days before the status conference**.

19.  Counsel shall confer with clients and with each other within five (5) business days of any <u>status</u> <u>or</u> <u>settlement</u> conference regarding their respective positions with regard to settlement. **Counsel must be prepared to discuss, comprehensively, the possibility of mediation at any status conference**.

20.   While parties need not attend status conferences, they must be **<u>readily</u>** available by telephone at all times during the course of the conference if they choose not to attend.  If a settlement conference is scheduled in paragraph 16 above, parties with full settlement authority must appear,

5

**without exception**.

* * *

In addition to the above, the Court orders as follows:

•   Pursuant to the parties' request, a motion for class certification must be filed on or before February 1, 2011.

•   The Defendant shall reconsider the propriety of its asserted affirmative defenses and shall file an amended answer within fourteen (14) days of its receipt of this CMC Plan.


Date: June 9, 2010                                   **s/Kathleen M. O'Malley**
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

Time: 20 min.

6