PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYNISA WILLIAMS, | ) | CASE NO. 1:09CV02991 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** (Resolving ECF Nos. 46 & 49) |

Before the Court is Plaintiff Tynisa Williams' motion for a partial stay of the proceedings in light of the Supreme Court of the United States' recent granting of *certiorari* to review *Florence v. Board of Chosen Freeholder*, 621 F.3d 296 (3rd Cir. 2010). ECF No. 46. Defendant City of Cleveland opposes Plaintiffs' motion, and separately moves the Court to stay the litigation in its entirety. ECF No. 49. Based upon consideration of the parties' pleadings, for the reasons provided below, the Court grants Defendant City of Cleveland's motion to stay the litigation in its entirety.

**I. Background**

In this putative class action, Plaintiff alleges a Fourth Amendment challenge to the City of Cleveland's policy on strip and visual cavity searches and delousing pre-trial detainees who enter the City of Cleveland House of Correction–regardless of the reason for their incarceration. ECF No. 1. Plaintiff filed a partial motion to stay the proceedings as to the issue of strip-searches in light of the Supreme Court of the United States' decision to review *Florence*. ECF No. 46. Plaintiff claims that *Florence* and the instant matter before the Court are factually related. ECF No. 46. The *gravamen* of the *Florence* appeal is "[w]hether it is constitutional for

(1:09CV02991)

jails to strip search arrestees upon their admission to the general population." *Florence*, 621 F.3d at 298; ECF No. 46 at 2. Plaintiff argues that her delousing claim should proceed unaffected because *Florence* does not involve a delousing issue. ECF No. 46 at 2.

Conversely, Defendant seeks to stay the matter in its entirety because *Florence* does involve a delousing agent that was applied or used during the intake process. ECF No. 49 at 2. The *Florence* court explained that one of the "blanket" strip search policies at issue "entails a complete disrobing, followed by an examination of the nude inmate for bruises, marks, wounds or other distinguishing features by the supervising officer, which is then followed by a supervised shower with a *delousing* agent." *Florence*, 621 F.3d at 300 (emphasis added); ECF No. 49 at 2. Defendant argues that trying the case piecemeal results in duplicate expense, time, effort, and dispositive motions. ECF No. 49 at 2-3. Defendant argues that the Court should, therefore, stay the matter to properly apply the U.S. Supreme Court's forthcoming decision. ECF No. 49 at 3.

## II. Discussion

It is within the Court's sound discretion whether to grant a stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Voeltner v. Gen. Elec. Co.*, Case No. 2:07-cv-0943, 2007 WL 4287649, at *1 (S.D. Ohio Dec. 4, 2007).

In exercising its "substantial discretion to determine whether to grant a stay," a district court generally considers three factors: (1) "any prejudice to the non-moving party if a stay is

(1:09CV02991)

granted," (2) "any prejudice to the moving party if a stay is not granted," and (3) "the extent to which judicial economy and efficiency would be served by the entry of a stay." *Voeltner*, 2007 WL 4287649, at *1. The first and second factors are not applicable because both parties have moved to stay the proceedings. ECF Nos. 46, 49. The last factor is compelling.

Given that the Supreme Court of the United States in its review of *Florence* may well determine the constitutionality of the searches at issue in this litigation, the Court finds that a stay of these proceedings, in its entirety, including Plaintiffs' motion to intervene an additional class representative (ECF No. 35) best serves the interest of judicial economy and efficiency.

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff Tynisa Williams' motion to partially stay (ECF No. 46) and grants Defendant City of Cleveland's motion to stay the matter in its entirety (ECF No. 49).

IT IS SO ORDERED.

| | |
|---|---|
| July 14, 2011 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |