PEARSON, J.

FILED

2013 SEP 30 P

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYNISA WILLIAMS, *etc.*, *et al.*, ) | |
| ) | CASE NO. 1:09CV2991 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| THE CITY OF CLEVELAND, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF Nos. 69 and 73] |

Defendant, the City of Cleveland, operates the City of Cleveland House of Correction (*a.k.a.* the "Workhouse" or "Jail") and has been sued by a putative class of persons whom have been or will be placed into the custody of Defendant.

Pending is Defendant's Motion for Judgment on the Pleadings (ECF No. 69), filed on December 17, 2012. Defendant moves the Court pursuant to Fed. R. Civ. P. 12(c) to dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 59) in its entirety.

Also pending is Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 73), filed on February 6, 2013. Plaintiffs attached to the motion the proposed Second Amended Class Action Complaint (ECF 73-1), as well as a redlined version (ECF No. 73-2).

The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons provided below, Defendant's motion is granted and Plaintiffs' motion is denied as futile.

(1:09CV2991)

# I. Factual and Procedural Background

**A. Factual Background**

Plaintiff Tynisa Williams was arrested on non-felony charges of driving with a suspended license on or about October 30, 2009.  ECF No. 59 at ¶ 29.  Specifically, Williams failed to pay a traffic ticket, which resulted in her driver's license being suspended.  ECF No. 59 at ¶ 29.[1]  Upon arrest, Williams was taken to the City of Cleveland Justice Center (the "Justice Center") where she made arrangements for her ticket and associated fine to be paid.  ECF No. 59 at ¶ 31.  Next, Williams was taken to the Workhouse, where she was housed in a holding cell.  ECF No. 59 at ¶ 32.  She was then brought into a shower room, told to disrobe and shower, and sprayed with delousing solution[2] by a corrections officer, before being issued a jail uniform.  ECF No. 59 at ¶ 33.  Williams was released from the Jail on the same day, after her traffic ticket and fine had been paid.  ECF No. 59 at ¶ 34.

Plaintiff-Intervenor Shawn Bealer was arrested on non-felony charges of driving with a suspended license on or about January 25, 2008, and was taken to the Justice Center, then transported to the Workhouse.  ECF No. 59 at ¶¶ 36 and 38.  Bealer's license had been suspended due to his failure to pay his traffic violation fines.  ECF No. 59 at ¶ 36.  After being detained in a holding cell, Bealer was required to disrobe and was sprayed with delousing solution by a corrections officer, before showering and being issued a jail uniform.  ECF No. 59 at ¶¶ 38-39.  Bealer was released from the Jail later that same day.  ECF No. 59 at ¶ 40.

---

[1] It is undisputed, however, that Williams had been sentenced and was admitted to the Workhouse as a convicted person.  *See* ECF No. 69 at PageID #: 391.

[2] The delousing procedure requires a detainee to completely disrobe and be sprayed with Liceall, an anti-lice delousing solution.  *See* ECF No. 72-14.

2

(1:09CV2991)

Bealer was subsequently arrested again on or about February 23, 2009 on an outstanding warrant issued for his failure to meet with his probation officer. ECF No. 59 at ¶ 41.[3] He was again taken to the Justice Center, and then to the Workhouse where he was placed in a holding cell and required to undergo delousing. ECF No. 59 at ¶ 43. On this occasion, an inmate of the Jail dispensed the delousing solution and supervised Bealer's showering, before Bealer was issued a jail uniform. ECF No. 59 at ¶ 44. Bealer was released from the Workhouse on or about February 25, 2009. ECF No. 59 at ¶ 45.

**B. Procedural Background**

Plaintiff Tynisa Williams filed the original complaint pursuant to 42 U.S.C. § 1983 on December 26, 2009 individually, and on behalf of "a Class of thousands of others who were strip searched and deloused after being charged with petty crimes." ECF No. 1 at PageID #: 2.[4] On July 14, 2011, the case at bar was stayed in light of the grant of *certiorari* by the United States Supreme Court to review *Florence v. Board of Chosen Freeholders of County of Burlington*, 621 F.3d 296 (3rd Cir. 2010). *See* Memorandum of Opinion and Order (ECF No. 52). In April 2012, the Supreme Court affirmed the decision of the United States Court of Appeals for the Third Circuit and upheld the constitutionality of the jail's stip search policies and intake procedures at issue, which included a contemporaneous delousing procedure. *Florence v. Board of Chosen Freeholders of County of Burlington*, --- U.S. ----, 132 S. Ct. 1510 (2012).

---

[3] Like Williams, Bealer does not dispute that he had been convicted prior to being committed to the Workhouse. *See* ECF No. 69 at PageID #: 392.

[4] On January 19, 2011, the above-entitled action was reassigned from Judge Kathleen M. O'Malley to the undersigned pursuant to General Order No. 2011-3.

(1:09CV2991)

On August 1, 2012, the stay was lifted. The Court stated that "Plaintiff's amended complaint is due no later than 14 days from the date of this Order." *See* Order (ECF No. 58). Shawn Bealer intervened as a party plaintiff and Plaintiffs filed an Amended Class Action Complaint (ECF No. 59) on August 15, 2012, requesting monetary, declaratory, and injunctive relief against Defendant for alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights.[5] Plaintiffs bring this action on behalf of themselves and "a proposed Class of thousands of others who were deloused after being charged with petty crimes." ECF No. 59 at PageID #: 331. The amended complaint alleges the following causes of action.

**C. Causes of Action**

Plaintiffs First Cause of Action alleges Defendant illegally conducted "the compulsory delousing of individuals arrested for misdemeanors or violations absent some particularized suspicion that the individual in question has either contraband or weapons," in violation of Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures by law enforcement officers. ECF No. 59 at ¶ 48. The Second Cause of Action alleges Defendant violated Plaintiffs' Fourth Amendment right of privacy by conducting delousing on all detainees "absent some particularized suspicion that the individual in question has lice." ECF No. 59 at ¶ 56. In the alternative, the Second Cause of Action alleges Defendant's delousing policy violates the Fourteenth Amendment due process clause for an unwanted medical treatment. ECF No. 59 at ¶ 58. The Third and Fourth Cause of Actions simply echo the first two, asking for declaratory judgment and an injunction. ECF No. 59 at ¶¶ 62-69.

---

[5] All prior claims related to allegations of strip searching are omitted from the amended complaint. *See* ECF No. 59.

4

(1:09CV2991)

## II. Standards of Review

**A. Judgment on the Pleadings**

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

**B. Leave to File an Amend Pleading**

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires." As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given."

5

(1:09CV2991)

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ; *Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC*, No. 12-1170, 2013 WL 2378562, at *2 (6th Cir. June 3, 2013).  Under Rule 15(a), the court has discretion in allowing amendments.  *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge.").

### III.  Discussion

**A. Judgment on the Pleadings**

    **1. The First Cause of Action - Violation of Unreasonable Searches and Seizure**

As part of its routine procedure, Defendant subjects all detainees to compulsory delousing by spraying them with a delousing solution.  The named Plaintiffs and the members of the putative class were or fear they will be subjected to this delousing procedure (which they call the "hose treatment") regardless of the seriousness of the charges against them and any particularized suspicion they possess contraband or weapons.  ECF No. 59 at ¶¶ 27, 33, 39, and 44.  More specifically, Plaintiffs claim that Defendant's compulsory delousing violates their Fourth Amendment right that "protects citizens from unreasonable searches and seizures by law enforcement officers, and prohibits officers from conducting the compulsory delousing of individuals arrested for misdemeanors or violations absent some particularized suspicion that the individual in question has either contraband or weapons."  ECF No. 59 at ¶ 48.  Defendant responds that Plaintiffs assert no viable claims because the Supreme Court's recent ruling in *Florence* is dispositive of constitutional challenges to intake procedures that include delousing. ECF No. 69 at PageID #: 395.  Plaintiffs acknowledge that the Supreme Court in *Florence* reviewed a constitutional challenge to an intake procedure that included the compulsory

6

(1:09CV2991)

application of a delousing agent.  From Plaintiffs' perspective, however, the Supreme Court's mention was only in dicta and is easily distinguished on both legal grounds and the method of delousing used.[6]  *See* ECF No. 72 at PageID #: 432.

Recent case law clearly articulates that delousing serves a legitimate penalogical interest and, unless substantial evidence demonstrates exaggeration, deference must be given to jail officials.  132 S. Ct. at 1518 (citing *Block*, 468 U.S. at 584-85 and reaffirming the principles announced in *Turner v. Safley*, 482 U.S. 78 (1987) and *Bell v. Wolfish*, 441 U.S. 520 (1979), determining that "deference must be given to the officials in charge of the jail unless there is 'substantial evidence' demonstrating their response is exaggerated").  In *Florence*, the Supreme Court reaffirmed the importance of deference to correctional officials when searching for disease and contraband, and explains, "a regulation impinging on an inmate's constitutional rights must be upheld 'if it is reasonably related to legitimate penological interests.'" 132 S. Ct. at 1515 (quoting *Turner*, 482 U.S. at 89).  The Court added that "a responsible Fourth Amendment balance is not well served by standards requiring sensitive, case-by-case determinations of government need, lest every discretionary judgment in the field be converted into an occasion for constitutional review." *Id*. at 1517-18 (quoting *Atwater v. Lago Vista*, 532 U.S. 318, 347 (2001)).  "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of

---

[6] The delousing policy in *Florence* involves corrections officers giving detainees a cup of delousing shampoo, and ordering those detainees to apply the shampoo themselves during a shower.  Plaintiffs' argue that the "shampoo cup" method of delousing used in *Florence* is a "far cry from the 'hose treatment' addressed in this litigation."  *See* ECF No. 72 at PageID #: 432.

7

(1:09CV2991)

both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The Supreme Court repeated the warning that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." *Florence*, 132 S. Ct. at 1517 (quoting *Block v. Rutherford*, 468 U.S. 576, 584-85 (1984)).

In *United States v. Morris*, the Sixth Circuit Court of Appeals made clear that, in *Florence*, the Supreme Court rejected the notion that the "single fact" of being incarcerated with other prisoners is insufficient justification to search a detainee. " *United States v. Morris*, 494 Fed.Appx. 574, 581 (6th Cir. 2012). The Sixth Circuit made equally clear that *Florence* does not "alter the holding that clearly established law precludes a strip search without reasonable suspicion of persons arrested of a minor offense, 'who are [not] to be held in jail [or other detention facilities] while their cases are being processed.'" *Id.* (quoting *Florence*, 132 S. Ct. at 1513). Simply put, searches of persons detained for minor offenses is permitted even if there is no particularized suspicion of contraband or disease when that search is conducted for a legitimate penological interest. That inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. *Bell*, 441 U.S. at 545 (finding the practice of conducting visual body-cavity searches of inmates, following contact visits, did not violate the Fourth Amendment). *See also Turner*, 482 U.S. at 91-92 (finding the rule regarding inmate-to-inmate correspondence was reasonably related to legitimate security concerns of prison officials and deemed facially valid). Delousing policies, like the one at issue in the present case and *Florence*, have been instituted for the benefit of the entire jail population and are widely applied because, admitting inmates exposes facility staff, existing detainees, and the new

8

(1:09CV2991)

detainee to a number of risks.  Exempting persons arrested for minor offenses from a standard search or delousing protocol may put them at greater risk and result in more contraband or disease being brought into a detention facility.  There is substantial reason not to mandate the exception Plaintiffs seek as a matter of constitutional law.  See *Florence*, 132 S. Ct. at 1521.

Given the *Florence* decision and the clarification offered by *Morris*, Plaintiffs' arguments against compulsory delousing of detainees without particularized suspicion fails.

### 2. The Second Cause of Action - Violation of Constitutional Right of Privacy

The second claim alleges that the delousing is an unconstitutional violation on a detainee's right of privacy because the delousing is performed without a reasonable suspicion the detainee has lice or, in the alternative, the delousing is an unwanted medical treatment.  The Court addresses each.

#### a. No Reasonable Suspicion that Detainee Has Lice

As stated in *Florence*, the restrictions on delousing suggested by Plaintiff "would limit the intrusion on the privacy of some detainees but at the risk of increased danger to everyone in the facility, including the less serious offender themselves." *Florence,* 132 S. Ct. at 1522. "The danger of introducing lice or contagious infections" are well noted and "[t]he Federal Bureau of prisons recommends that staff screen new detainees for these conditions." *Id.* at 1518.  The Court expressed its concern:

> It is not surprising that correctional officials have sought to perform thorough searches at intake for disease, gang affiliation, and contraband.  Jails are often crowded, unsanitary, and dangerous places.  There is a substantial interest in preventing any new inmate, either of his own will or as a result of coercion, from putting all who live or work at these institutions at even greater risk when he is admitted to the general population.

9

(1:09CV2991)

*Id.* at 1520.  Therefore, the danger of introducing lice into the general prison population was specifically addressed by the Supreme Court in *Florence*.[7]

The applicable framework, adopted by *Florence*, applies to both Fourth and Fourteenth Amendment claims.  *Id*. at 1523.  *Florence* cautioned that "[t]he difficulties of operating a detention center must not be underestimated by the courts."  *Id*. at 1515.  The Supreme Court also reasons that when the record lacks substantial evidence of "policies [that] are [ ] unnecessary or unjustified," courts must defer to the judgment of correctional officials.  *Id*. at 1514.

In light of *Florence*, the Court concludes that Plaintiffs' insistence that Defendant suspect a detainee of harboring lice before delousing does not set forth a viable claim for violation of Plaintiffs' constitutional right to privacy.

### b. Delousing as an Unwanted Medical Procedure

Plaintiffs' argument that delousing is an unwanted medical procedure does not alter the analysis or outcome in the case at bar.  While Plaintiffs appropriately cite *Logory v. County of Susquehanna*, 277 F.R.D. 135 (M.D. Penn. 2011) in support of their claim some courts have found that the mandatory delousing of inmates constitutes unwanted medical treatment, no party suggests that case law binding on this Court has found delousing to be a medical treatment, unwanted or otherwise.  *See* ECF No. 72 at PageID #: 442.  Nevertheless, assuming *arguendo* that the compulsory delousing of detainees is a medical treatment, Plaintiffs' claim under the Fourteenth Amendment still fails as a matter of law in light of the *Florence* decision.  *Florence*

---

[7] The Seventh Circuit's decision in *Russell v. Richards*, 384 F.3d at 449, discussed below, also rejects Plaintiffs' contention that a delousing solution may only be applied where there is a particularized suspicion that an inmate actually harbors lice.

(1:09CV2991)

explicitly recognized a "significant interest" in preventing the "danger of introducing lice or contagious infections." *Florence,* 132 S. Ct. at 1518. ECF No. 69 at PageID #: 401.

Additionally, in *Russell v. Richards*, 384 F.3d 444 (7th Cir. 2004),which was decided before the Supreme Court's decision in *Florence*, the Seventh Circuit held that a jail's policy of directing new inmates to use delousing shampoo did not violate the inmates' due process right to be free from unwanted medical treatment.[8]  When the rationales of the *Florence* and *Russell* decisions are considered together, the penological interest in delousing inmates during intake is made more compelling, regardless of the method of applying the delousing agent.

**B. Second Motion to Amend the Complaint**

Plaintiffs request leave to amend the complaint, for a second time, "in order to add certain allegations concerning Plaintiffs' experience undergoing the 'hose treatment' compulsory delousing procedure that was in place" at the Workhouse. (ECF No. 73 at PageID #: 607).[9]  The Court has discretion in granting leave to amend.  *Foman*, 371 U.S. at 182; *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (affirming denial of motion for leave to amend complaint on basis of futility).

Defendant argues that the proposed Second Amended Class Action Complaint (ECF 73-1) could not withstand the pending Motion for Judgment on the Pleadings.  Therefore, leave

---

[8] The delousing policy in *Russell* is similar to the policy addressed in *Florence* which involves corrections officers giving detainees a cup of delousing shampoo, and ordering those detainees to apply the shampoo themselves during a shower, not the hose treatment of which the instant Plaintiffs complain.

[9] "Instead of allowing detainees to apply delousing solution to themselves, the City of Cleveland employed the 'Hose Treatment,' a procedure where detainees were sprayed on their heads, faces and private parts with delousing solution from a pressurized exterminator can." ECF No. 73-1 at PageID #: 611; ECF No. 73-2 at PageID #: 632.

11

(1:09CV2991)

should be denied because the amendment would be futile. Whether it is a self-applied shampoo or a spray application of a delousing solution; "these are *de minimus* differences that do not materially alter the Fourth Amendment analysis." Logory, 277 F.R.D. at 142. Moreover, subjecting inmates to delousing in front of other detainees is justified and not a violation of any individual rights. Powell v. Barrett, 541 F.3d 1298, 1301-1302 (11th Cir. 2008) (en banc) (approving group searches consisting of up to thirty to forty other inmates during the booking process). After balancing the competing interests and considerations pertinent herein, the Court finds that good cause has not been shown to give Plaintiffs leave to further amend their complaint.

Upon review of the proposed Second Amended Class Action Complaint (ECF No. 73-1),[10] the Court finds that Plaintiffs do not assert a violation of a constitutional right as a matter of law. Instead, the pleading simply calls into question the manner in which the delousing occurs, while still requesting that the Court find the search and the delousing procedure to be, all together, facially unconstitutional. This is precisely what *Florence* decided against; therefore, granting leave will be of no avail. As found herein, Plaintiffs' allegations do not demonstrate any unconstitutional conduct attributable to Defendant. *See* Scott v. Clay County, 205 F.3d 867, 879 (6th Cir. 2000) (finding that County cannot be liable on a § 1983 cause of action where there was no underlying constitutional violation). Furthermore, at the prior request of Plaintiffs, leave was granted in order to amend the complaint to "bring[ ] the import of the *Florence* decision and the

---

[10] The Court found the redlined version (ECF No. 73-2) to be helpful and compliments Plaintiffs' counsel for its unsolicited submission.

(1:09CV2991)

unique facts of this case directly before the Court" (ECF No. 56 at PageID #: 326). Despite having been given leave to amend, the deficiencies addressed herein remained.

## IV. Conclusion

Defendant's Motion for Judgment on the Pleadings (ECF No. 69) is granted. Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 73) is denied.

Plaintiffs' Amended Class Action Complaint (ECF No. 59) is dismissed in its entirety.

IT IS SO ORDERED.

September 30, 2013
Date

Benita Y. Pearson
United States District Judge

13