UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TYNISHA WILLIAMS and SHAWN BEALER, both individually and on behalf of a class of others similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | No. 1:09-CV-2991 |
| THE CITY OF CLEVELAND, | : | The Honorable Benita Y. Pearson |
| Defendant. | : | |

## AFFIRMATION IN SUPPORT OF PLAINTIFF TYNISHA WILLIAMS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION

**Elmer Robert Keach, III,** an attorney duly licensed to practice before the Courts of the State of New York and before this Honorable Court, hereby affirms as follows:

1. I am, together the co-counsel in Cleveland, Pittsburgh and Washington, DC, counsel for Plaintiff Tynisha Williams in this proposed class action. I provide this affirmation in support of the Plaintiff's Motion for Summary Judgment and Permanent Injunction in this action.

2. The Plaintiff respectfully maintains that she is entitled to summary judgment regarding her claims, and in support thereof she relies upon the following deposition transcripts, which have been filed on the Court's CM/ECF System:

| Deponent | Docket Number |
|---|---|
| Mary Bounds Rule 30(b) Deponent Former Commissioner of Corrections Division | 98 |

1

| | |
|---|---|
| David Carroll<br>Acting Commission of Corrections Division | 99 |
| Stella Clark<br>Lieutenant, Cleveland Workhouse<br>Former Jail Manager, Cleveland Workhouse | 101 |
| Martin Flask<br>Former Director of Public Safety | 102 |
| Reginald Flowers<br>Jail Manager, Cleveland Workhouse | 103 |
| Jacqueline Lewis<br>Rule 30(b)(6) Deponent<br>Former Commission of Corrections Division | 105 |
| Michael McGrath<br>Current Director of Public Safety | 106 |
| Joseph Stottner<br>Lieutenant, Cleveland Workhouse<br>Former Jail Manager, Justice Center | 107 |
| Rufus Williams<br>Lieutenant, Cleveland Workhouse | 108 |
| Tynisha Williams<br>Plaintiff | 109 |

Pursuant to the Court's direction, all page citations for these depositions are provided to the Page ID generated by the Court's CM/ECF system.

    3.    The Plaintiff also relies upon the following documentary exhibits in support of her motion. All documents provided below were produced in discovery except where noted in this paragraph. The photographs in question were taken of the Clothing Room and Shower Area of the Cleveland Workhouse by the Plaintiff's counsel during a site inspection in September 2015. Furthermore, there are two handwritten diagrams of the shower and clothing rooms, including measurements, which were prepared by counsel during that physical inspection. A typewritten

diagram for each room was prepared by counsel for the Court based on these measurements. One photograph (Exhibit 31) has some handwritten changes to it, reflecting discussion of the photograph during the deposition of Joseph Stottner. Lieutenant Stottner admitted that a privacy partition could be installed in the Workhouse clothing room in the location noted on the photograph. The Plaintiff's Exhibits are as follows:

| Exhibit | Docket Number |
|---|---|
| Plaintiff's Second Amended Complaint | 111-1 |
| Defendant's Answer to Second Amended Complaint | 111-2 |
| Defendant's Initial Disclosures, without attachments | 111-3 |
| Defendant's Supplemental Initial Disclosures (by email) | 111-4 |
| Plaintiff's Rule 30(b)(6) Notice | 111-5 |
| Decision of the Court Granting Defendants' Motion to Dismiss | 111-6 |
| Decision, United States Court of Appeals | 111-7 |
| Post Order, Cleveland Workhouse | 111-8 |
| Reception and Release Policy, Cleveland Workhouse | 111-9 |
| Searches Upon Admission Policy, Cleveland Workhouse | 111-10 |
| Security – Searches Policy, Cleveland Workhouse | 111-11 |
| Hygiene and Clothing Assignment Policy, Cleveland Workhouse | 111-12 |
| Inmate Delousing Policy, April 20, 2010 | 111-13 |
| July 15, 2010 Email Exchange, Raleigh to Joseph Stottner | 111-14 |
| April 14, 2010 Email Exchange, Jackie Lewis to Joseph Stottner | 111-15 |
| August 10, 2010 Email Exchange, Gates-Austin to Joseph Stottner | 111-16 |
| Annual Report, 2006 to 2009 | 111-17 |

| | |
|---|---|
| Ohio Corrections Training Materials | 111-18 |
| Photograph of Liceall Bottle, Front | 111-19 |
| Photograph of Liceall Bottle, Left Panel | 111-20 |
| Photograph of Liceall Bottle, Right Panel | 111-21 |
| Photograph of Example of Pressurized Spray Canister | 111-22 |
| Photograph of Clothing Room | 111-23 |
| Photograph of Clothing Room | 111-24 |
| Photograph of Clothing Room | 111-25 |
| Photograph of Clothing Room | 111-26 |
| Photograph of Clothing Room | 111-27 |
| Photograph of Clothing Room | 111-28 |
| Photograph of Clothing Room | 111-29 |
| Photograph of Clothing Room | 111-30 |
| Photograph Into Clothing Room from Booking Area | 111-31 |
| Photograph of Clothing Room, with Drawn Changes from Deposition of Joseph Stottner | 111-32 |
| Diagram of Clothing Room, Prepared by Counsel | 111-33 |
| Handwritten Sketch of Clothing Room, Prepared by Counsel | 111-34 |
| Photograph of Shower Room | 111-35 |
| Photograph of Shower Room | 111-36 |
| Photograph of Shower Room | 111-37 |
| Photograph of Shower Room | 111-38 |
| Photograph of Shower Room | 111-39 |

| | |
|---|---|
| Photograph of Shower Room | 111-40 |
| Photograph of Shower Room, out into Clothing Room | 111-41 |
| Diagram of Shower Room, Prepared by Counsel | 111-42 |
| Handwritten Sketch of Shower Room, Prepared by Counsel | 111-43 |

Again, citations to these exhibits are also provided to the appropriate Page ID and Docket Number generated by the Court's CM/ECF system.

4. The Plaintiff respectfully maintains that she is entitled to Summary Judgment and a Permanent Injunction given the lack of any material dispute regarding the facts of this case. The City of Cleveland admits to conducting the blanket, compulsory physical delousing of pre-trial misdemeanor detainees, including Plaintiff Tynisha Williams, from 1992 until April 14, 2010. Other than vague claims in deposition testimony that detainees would not comply with a delousing regimen if they were allowed to apply delousing shampoo to themselves, the City has provided no justification for its physical delousing practices. It has also produced no documents to support these practices, or to support the City's claim that inmates would be uncooperative with an alternative regimen. At the time this physical delousing regimen was employed at the Cleveland Workhouse in early 2010, the City of Cleveland allowed detainees at the Justice Center who had lice to apply delousing solution to themselves after being evaluated by a nurse. Following the cessation of the physical delousing regimen in April 2010, detainees at the Workhouse suspected of having lice were evaluated by a medical professional, and allowed to delouse themselves. This new delousing procedure has been applied without incident, and is, according to the current Jail Manager, more effective at preventing lice than the wholesale spraying of detainees. In short, it is respectfully submitted that the City of Cleveland has not, and cannot, provide a compelling

justification for spraying the genitals of detainees with delousing solution from a pressurized spray canister -- given several other reasonable alternatives.

5. Furthermore, the City has also provided no justification for conducting blanket strip searches in groups, much less a compelling justification. The Plaintiff has provided extensive documentation to the Court regarding the Clothing Room, including its physical dimensions. The City of Cleveland can easily install a privacy partition or curtain in the clothing room, and allow detainees to disrobe and be strip searched in private two at a time. There is no credible justification for the group strip searches at issue here, especially given Ohio State guidelines, which require strip searches to occur in private. Lieutenant Joseph Stottner admitted during his deposition that a privacy partition could be installed in the Clothing Room, and that Corrections Officers could continue to observe detainees unimpeded if such a partition was installed.

6. The Plaintiff maintains that she is entitled to a permanent injunction to stop this conduct. In the event the Court does not award summary judgment against the City for either the delousing regimen or group strip searches, the Plaintiff requests, in the alternative, a preliminary injunction. While the delousing regimen has stopped, Ms. Williams still has standing to seek an injunction given that the offending policies can be reactivated by the City at any time. Furthermore, several city corrections officials acknowledged that the group strip searches at issue here continue until today. Roughly 18,000 individuals in the proposed class period were deloused. The Plaintiff believes that there are at least 40,000 individuals who were also subjected to a group strip search given that the proposed class period commences in 2007.

7. As required by the Court's order, the parties have conferred, and have been unable to reach an agreement regarding this motion. In short, both parties maintain that they are entitled

to summary judgment on liability, and cannot agree on a range of legal issues that must be decided by the Court.

8. Prior to the filing of this motion, Defendant City of Cleveland moved to dismiss Plaintiff Shawn Bealer's claims. While the Plaintiff's counsel will address this motion in due course, they have, despite extensive efforts, been unable to locate Mr. Bealer, and he did not appear to be deposed. Consequently, counsel did not address Mr. Bealer's situation in this motion, and does not seek summary judgment on his behalf.

9. The Plaintiff thanks the Court for its consideration of this motion.

Respectfully Submitted and Affirmed By:

/s Elmer Robert Keach, III

Dated: November 9, 2015

Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
One Pine West Plaza
Suite 109
Albany, NY  12205
Telephone:    518.434.1718
Telecopier:    518.770.1558
Electronic Mail:
bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFF
TYNISHA WILLIAMS**