UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TYNISA WILLIAMS and<br>SHAWN BEALER, both individually and<br>On behalf of a class of others similarly<br>Situated, | )<br>)<br>)<br>) | CASE NO. 1:09-CV-2991 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | HON. BENITA Y. PEARSON |
| THE CITY OF CLEVELAND, | )<br>) | |
| Defendant. | ) | |

### DEFENDANT CITY OF CLEVELAND'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Now comes Defendant City of Cleveland, by and through counsel, and presents its arguments in response to Plaintiff's Reply Memorandum of Law in Support of its Motion for Summary Judgment and in Opposition to the Defendant's Motion for Summary Judgment (hereinafter referred to as Plaintiff's Brief in Opposition).

Plaintiff raises two issues in her Brief in Opposition, that 1) the Sixth Circuit decision is binding precedent upon this Court and leaves no question as to the constitutionality of the City's policies and 2) the City does not present the "unusually dire circumstances" necessary to refute the hypothetical solutions provided by the Plaintiff to warrant the procedures described in the complaint.

**I.    The Sixth Circuit Opinion Relied Solely On the Facts as Presented in the Pleadings**

This Court must apply the facts as laid out in the depositions, primarily the Plaintiff's deposition, to the City's delousing and strip search policies that were in place at the time the Complaint was filed.  The Sixth Circuit's consideration was limited to the pleadings as it was determining the plausibility of Plaintiff's Complaint on Defendant's Motion for Judgment on the

1

Pleadings. ECF 69.  The Sixth Circuit described the dispositive question in the case as "whether plaintiffs' proposed second amended complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Sixth Circuit Order, page 5, quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383.  The circuit court summarized Plaintiff's allegations as follows: (Plaintiffs) were ordered to crouch naked on the floor with several strangers in the room while corrections officers (and a fellow detainee, in Bealer's case) hosed off their intimate body parts.  An examination surviving Plaintiff Williams' deposition demonstrates that the delousing and strip search were not as invasive as Plaintiff describes in her complaint.

Plaintiff testified that once she completed the intake paperwork she was taken into the clothing exchange area (Id. at 31:2-3) with two other women and one correctional officer (Id. at 33:16 – 34:7), was told to shower (Id. at 38:2-3) and was then sprayed with a delousing agent which misted her body along her front, and then was asked to squat and was again misted with delousing agent on her anus.  Id. 41:5-7.  Plaintiff Williams testified that some of the liquid penetrated her anus but made clear that she could only feel the mist because it was liquid and cold, not due to any force of the spray.  Id. at 44:19-20; 64:21-23.  Plaintiff also testified that the spray felt like a body mist. Id. at 44:17-18.  This was not a high pressure spray.  The women were deloused one at a time, but while they were all together in the clothing exchange area.  Id. at 44:2-4.[1]  The level of disgrace that Plaintiff attempted to describe to the court in its pleadings is shattered when Plaintiff's deposition shows that the indecency she allegedly suffered was simply because this was her first time in jail and because she believed she had been bailed out and shouldn't have been going through the intake process.  Id. at 60:21-24; 73:21-22.  The delousing and strip search procedure is not as the Plaintiff first described, nor is it how the Sixth Circuit likely imagined from Plaintiff's description.

---

[1] All deposition excerpts referenced above are attached as exhibits to Defendant's Motion for Summary Judgment.

## II. The City's Conduct was Reasonable

Searches need not be delicately conducted in the least intrusive manner; they must be conducted in a reasonable manner. *Evans v. Stephens*, 407 F.3d 1272, 1281 (11th Cir. 2005) (en banc). The City's policies were reasonable, even if its current practices are less intrusive. The Plaintiff cannot rely on the City's current policies because they are of no moment to prove past culpable conduct. Fed.R.Evid. 407. The question is solely whether or not the City's conduct in the relevant time period was reasonable.

Plaintiff continually suggests that the delousing procedure could be made reasonable through the use of delousing shampoo and argues that the Defendant's counter-argument – that it cannot rely on inmates to comply – fails because a corrections officer testified that inmates "nearly always" followed instructions. Plaintiff's Brief in Opposition, ECF 121, pageID # 2037. Just because most prisoners follow the instructions of an officer, it does not mean that the jail should make its policies more lenient and anticipate compliance. A prison must prepare for the likelihood that there will be dissent, and it crafts its policies as such. "Prison administrators … should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). The City's administrators should be given discretion to set a delousing policy in place.

Plaintiff compares the City's policies with that of the policies in Denver in *Hill v. Bogans*, 735 F.2d 391, 394-395 (10th Cir. 1984). However, the circumstances in Hill are very different. Hill was ordered to fully undress in a lobby where ten to twelve people were present. The opinion does not note if it was in the presence of ten to twelve other inmates or ten to twelve members of the jail staff. In the instant case, inmates never stripped in front of more than three

other people – one guard and two other inmates, and they undressed in a private room. To make a comparison of these cases is a gross overstatement. As previously stated and as stated above, the City's actions were reasonable and served administrative purposes and, through its speed, decreased the likelihood of paraphernalia entering the jail and violence during the intake period.

For the reasons described above and detailed in the City's Response to Plaintiff Williams' Motion for Summary Judgment and for a Permanent Injunction and Cross-Motion for Summary Judgment, Defendant City of Cleveland respectfully requests that this Court grant its Cross-Motion for Summary Judgment and dismiss Plaintiff's action.

Respectfully submitted,
BARBARA A. LANGHENRY (0038838)
Director of Law

By:  /s/Jillian L. Dinehart
Jillian L. Dinehart (0086993), Asst. Director of Law
Thomas Kaiser (0014339), Chief Trial Counsel
601 Lakeside Avenue, Room 106 - City Hall
Cleveland, Ohio 44114
E-mail: jdinehart@city.cleveland.oh.us
          tkaiser@city.cleveland.oh.us
Phone: (216) 664-2800   Fax: (216) 664-2663
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2016, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

By:  /s/Jillian L. Dinehart
Jillian L. Dinehart (0086993)
Assistant Director of Law