PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYNISA WILLIAMS, *etc.*, ) | |
| ) | CASE NO. 1:09CV2991 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| THE CITY OF CLEVELAND, ) | **ORDER GRANTING** |
| ) | **PERMANENT INJUNCTION** |
| Defendant. ) | [Resolving ECF No. 130] |

The Court of Appeals for the Sixth Circuit granted Defendant City of Cleveland's (the "City" or "Defendant") motion for a limited remand to permit this Court to rule on Defendant's Objections to Plaintiff Tynisa Williams' Proposed Order Granting Permanent Injunction (ECF No. 130). *Williams v. City of Cleveland*, No. 16-4237 (6th Cir. filed Feb. 28, 2017).

The Court, after having granted Plaintiff a Permanent Injunction, hereby orders that the City is permanently enjoined as follows:

1. The City is forbidden from conducting the physical delousing of detainees admitted into the custody of the City's House of Correction, also known as the Workhouse (the "jail") by utilizing a pressurized spray canister, which involves applying delousing solution to detainees in a physical manner.  The City may, however, utilize a pressurized spray cannister in instances of purposeful avoidance or misapplication of a delousing solution by a detainee.  This order expressly forbids the City from reinstituting the "hose method" detailed in deposition testimony before the Court.  The City may, should it choose to do so, delouse detainees upon

(1:09CV2991)

admission by providing them with delousing products or solution, and allowing the detainees to apply the solution to themselves.  The City, however, is not hereby prohibited from utilizing another delousing method that is in its best penological interests that is not forbidden by the within Order.

      2.      The City is forbidden from conducting the showering of detainees in the jail booking area absent detainees being allowed to enter and use those showers in the absence of any other detainees, given the small size of the shower area and the lack of privacy afforded detainees in those showers.  A corrections officer will be allowed to visually observe the detainees while they shower.

      3.      Should Defendant endeavor to conduct the strip and visual cavity searches (collectively, "strip searches") of detainees during the City's initial booking process in groups of two or more, the City must install a privacy partition/curtain between the detainees being searched to completely preclude each detainee from seeing the other in a state of partial and/or complete undress.  This privacy partition/curtain can allow for the visual observation of each detainee, individually, by a corrections officer as they are strip searched upon admission to the jail, but will not allow the detainees to see each other.

      4.      Should the City not install privacy partitions/curtains, all strip searches of detainees conducted as part of the booking process at the jail shall be conducted individually and privately, with the detainee being provided with reasonable protections from being viewed by any other detainee while they are disrobing or are otherwise in a state of undress.  A corrections

(1:09CV2991)

officer will be allowed to visually observe the detainees while they undress for purposes of strip searching them upon admission to the jail.

     5.     Plaintiff's counsel will be provided with reasonable access to the booking area of the jail to confirm the City's compliance with this order.  Plaintiff's counsel, however, will not be allowed to view the booking process.  At a minimum, Plaintiff's counsel must provide the City with twenty-four hours written notice before inspecting the booking area, and must do so at reasonable intervals if repeat visits to the jail are necessary.

     6.     This order is without prejudice to any party's rights going forward, including, but not limited to, the right to appeal, the right to seek class certification, or the right of Plaintiff's counsel to seek an interim fee award.

     IT IS SO ORDERED.

    May 5, 2017                                            /s/ Benita Y. Pearson
Date                                                          Benita Y. Pearson
                                                                United States District Judge